UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE


Linda Iacozzi

     v.                                  Civil No. 13-cv-397-JL

Hewlett-Packard Co.


**SUMMARY ORDER**

In this action, over which this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity), plaintiff Linda Iacozzi seeks to recover from defendant Hewlett-Packard Co. ("HP") for its alleged negligence in servicing the computer at Iacozzi's Bank of America workstation.  Specifically, Iacozzi contends that HP, while installing a computer monitor at the workstation at some point in early to mid-2010 (the evidence does not reveal exactly when), was under a duty "to untangle the jumble of [computer] wires and cords beneath [the] workstation." Pl.'s Memo. in Supp. of Obj. (document no. 22-1) at 7.[1]  Iacozzi maintains that HP, having failed to fulfill that duty, is liable for the injuries she suffered when she tripped over the jumble of cords later that year.  HP has moved for summary judgment, see

---

[1] This theory differs from the theory advanced in Iacozzi's amended complaint, which was that HP had breached its duty "to install the required cords, wires and cables in a reasonable manner."  Am. Compl. (document 11-1) at 3 ¶ 21.  One presumes Iacozzi has altered course because the evidence shows that HP did not, in fact, install those cords, and that the cords had been at Iacozzi's workstation for at least fifteen years.

Fed. R. Civ. P. 56, arguing that it owed Iacozzi no such duty. The court agrees.

"Absent the existence of a duty, the defendant cannot be liable for negligence," and "[w]hether a duty exists in a particular case is a question of law." England v. Brianas, 97 A.3d 255, 257 (N.H. 2014). "In general, anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable person to protect them against an unreasonable risk of harm to them arising out of the act." Coan v. N.H. Dep't of Envtl. Servs., 161 N.H. 1, 8 (2010) (quoting Restatement (Second) Torts § 302 cmt. *a*, at 82 (1965)) (alteration and quotation marks omitted).  In installing the computer monitor, then, HP may have been under a duty to protect Iacozzi against unreasonable risks of harm arising out of that act.  But Iacozzi's injuries do not arise from any risk created by HP's installation of the monitor; in fact, Iacozzi has presented no evidence that the HP employee who installed the monitor so much as saw or was told of the cords over which she tripped, let alone moved them into an unreasonably dangerous position.  (Iacozzi suggests that the employee "must have" seen the cords and "perhaps even contributed to the mess of wires," but this appears to be nothing more than pure speculation that finds no support in the evidence of record.)

Instead, Iacozzi maintains that her injuries were caused by something HP did <u>not</u> do, i.e., "untangle the jumble of wires and cords beneath her workstation."  But "[t]he duties of one who merely omits to act are more restricted, and in general are confined to situations where there is a special relation between the actor and the other which gives rise to the duty."  <u>Id.</u>; <u>see also</u> <u>Marquay v. Eno</u>, 139 N.H. 708, 716 (1995) (similar).  It is extremely doubtful any such relation exists here.  Nonetheless, even when a "special relation" exists, "[t]he defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered."  <u>Restatement (Second) Torts</u> § 314A cmt. *f*, at 120 (1965); <u>see also</u> <u>id.</u> § 314A cmt. *e* ("The defendant is not liable where he neither knows nor should know of the unreasonable risk.").  Again, there is absolutely no evidence before the court that the HP employee who installed the monitor ever even saw (or was otherwise made aware of) the "jumble of wires and cords" that Iacozzi later tripped over, so HP neither knew nor had reason to know that she was endangered.

Iacozzi seems to suggest that HP was not just under a duty to remedy dangerous conditions that it knew of or had reason to know of, but that it had an affirmative duty to seek out and fix such conditions.  As evidence of this "duty," she points to the contract between HP and her employer, which provides, among other

3

things, that HP "shall conduct its work at [the] facilities in such a manner as to avoid endangering the safety, or interfering with the convenience of, [bank] Representatives or customers," and that HP's employees "are held to a higher standard of conduct and scrutiny than in other industries or business enterprises." Pl.'s Exh. C (document no. 22-5) at 3, § 15.5. Yet all this language ensures is that HP will perform the tasks it is retained to perform for the bank–-in this particular instance, installing computer monitors–-in a safe and reasonable manner. No stretch of language or reason could justify interpreting these provisions to impose the additional duty on HP that Iacozzi claims they do.[2]

The court has already written far more than necessary. HP's motion for summary judgment[3] is GRANTED. The clerk shall enter judgment accordingly and close the case.

---

[2] Iacozzi has not argued (so far as the court can tell) that if HP's employee had observed the ordinary standard of care observed by professionals in his industry, he would have looked under her desk and untangled the cords. In any event, as HP has argued, Iacozzi's failure to disclose an expert on the standard of care for professionals in that industry–-a matter beyond the ken of a layperson–-would preclude her from presenting evidence on, and recovering under, that theory. See Wong v. Ekberg, 148 N.H. 369, 373 (2002) ("It is well established that expert testimony is required where the subject presented is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson.") (internal quotation marks and citation omitted).

[3] Document no. 21.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  December 3, 2014

cc:  John F. Bisson, Esq.
     Christopher Gerard Betke, Esq.
     Matthew J. Lynch, Esq.